UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT D. N.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

Case No. 2:23-cv-12313
Chief Judge Sean F. Cox
Magistrate Judge Anthony P. Patti

**AMENDED REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 16), DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 18), and REMAND THIS MATTER TO THE COMMISSIONER OF SOCIAL SECURITY FOR ACTION CONSISTENT WITH THIS RECOMMENDATION AND ORDER EXPEDITING BRIEFING ON ANY OBJECTIONS**

Robert D. N. ("RDN"), via counsel, brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security (Commissioner) denying his applications for disability insurance (DI) under Title II of the Social Security Act and supplemental security income (SSI) under Title XVI of the Social Security Act. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's motion for summary judgment (ECF No. 16), the Commissioner's cross-motion for summary judgment (ECF No. 18), the Commissioner's supplemental notice (ECF No. 20), and the administrative record (ECF No. 5). Pursuant

to 28 U.S.C. § 636(b)(1), the case has been referred to the Undersigned for all pretrial purposes.  (ECF No. 9).

Plaintiff's appeal challenges the Commissioner's conclusion that he was not disabled until April 19, 2022, as opposed to his original alleged onset date of January 21, 2019, specifically challenging the accuracy of the Administrative Law Judge's (ALJ's) residual functional capacity (RFC) assessment and the ALJ's compliance with the Appeals Council's (AC's) remand order.  (ECF No. 16, PageID.1060, 1067-1079.)  (*See also* ECF No. 5, PageID.433, 440 [Applications]; *id*., PageID.205-224 [ALJ Jan. 29, 2021]; *id*., PageID.225-231 [AC Feb. 1, 2022]; *id*., PageID.33-56 [ALJ Aug. 1, 2022]; *id*., PageID.20-25 [AC July 21, 2023].)  The Commissioner argues that the ALJ properly determined Plaintiff's RFC and properly evaluated his subjective symptoms.  (ECF No. 18, PageID.1090-1099.)

On August 30, 2024, the Court heard oral argument from Attorney Wesley James Lamey and Assistant U.S. Attorney (AUSA) Ameenah Lewis via video conference. (ECF No. 19).  At the outset, Plaintiff's counsel informed the Court that he would proceed solely on the RFC argument, in effect, waiving the issue of whether the ALJ complied with the AC remand instructions.  Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, the Undersigned finds that the ALJ committed harmful error, based on his treatment of the February 25, 2019 cervical and lumbar spine MRIs (ECF No. 5-1, PageID.642, 662-663, 958-961) in comparison to

the imaging from April 19, 2022 (*id*., PageID.1027-1030).[1] In sum, the ALJ's reading of the 2019 MRIs omits material findings (*see id*., PageID.47), and this is prejudicial to Plaintiff since the ALJ looked at the April 2022 imaging and drew the conclusion that Plaintiff's status has *worsened* and was disabled (*see id*., PageID.51), yet contrastingly concluded, based in large part on a selective reading of the February 2019 imaging, that Plaintiff was then significantly better off and not disabled.  In essence, the ALJ's summary of the 2019 cervical and lumbar spine MRIs cherry-picked and excluded significant findings material to the RFC − including omitted evidence of "severe," "prominent," "significant" and "marked" abnormalities − rendering the remaining analyses of the RFC and formulation of hypotheticals to the vocational expert (VE) faulty and prejudicial to Plaintiff.   While it is true that an ALJ need not discuss every piece of evidence in the record, *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507-08 (6th Cir. 2006), he or she must not ignore inconsistent evidence.  *See Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 724 (6th Cir. 2014).  *See also Germany-Johnson v. Comm'r of Soc. Sec.*, 313 F. App'x 771, 777 (6th Cir. 2008) (reversal and remand where "the judge was selective in parsing the various medical reports" and skewed the description of medical evidence in favor of "'normal'"

---

[1] In its reasoning from the bench, the Court focused on the omission of important information in the ALJ's description of the C5-6 and C6-7 levels; however, the ALJ also summarized the L5-S1 level as showing, without more, "no significant central stenosis" (ECF No. 9-1, PageID.47), whereas the actual medical record also showed, *inter alia*, "[s]evere degenerative disease" and "[s]ignificant epidural lipomatosis[.]" (*Id*., PageId.960.)

3

findings).

Accordingly, the Undersigned **RECOMMENDS** that the Court **GRANT** Plaintiff's motion for summary judgment (ECF No. 16), **DENY** the Commissioner's motion for summary judgment (ECF No. 18), and **REMAND** this matter to the Commissioner of Social Security for action consistent with this recommendation, including a more thorough and accurate consideration of Plaintiff's February 2019 MRIs (ECF No. 5-1, PageID.662-663, 958-961) in general, and including but not limited to a new and explicit consideration of all findings at the C5-6, C6-7 and L5-S1 levels in particular.

The Court further **ORDERS** expedited briefing on any objections.  **Any objections must be filed on or before September 10, 2024, and a response to the objections must be filed on or before September 20, 2024.**

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, and failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n*

*of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.  **The Court finds good cause to order expedited briefing on any objections.  As such, any objections must be filed on or before September 10, 2024, and a response to the objections must be filed on or before September 20, 2024.**

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must precisely recite the provision of this Report and Recommendation to which it pertains.  The opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: August 31, 2024

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE